# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**V.**<br>LLOYD IRVIN TAYLOR (1) | JUDGMENT IN A CRIMINAL CASE<br>(For Offenses Committed On or After November 1, 1987)<br><br>Case Number:   13CR1390 MMA<br><br>KNUT S. JOHNSON<br>Defendant's Attorney |

**REGISTRATION NO.**   37892298

**THE DEFENDANT:**

☐ pleaded guilty to count(s)

☒ was found guilty on count(s)   COUNTS 1-19 OF THE SUPERSEDING INDICTMENT
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 1542 | FALSE STATEMENT ON UNITED STATES PASSPORT APPLICATION | 1-3 |
| 26 USC 7212(a) | CORRUPT ENDEAVOR TO OBSTRUCT AND IMPEDE THE DUE ADMINISTRATION OF THE INTERNAL REVENUE LAWS | 4 |
| 26 USC 7201 | TAX EVASION | 5-6 |
| 18 USC 1014 | FALSE STATEMENTS TO A FEDERALLY INSURED FINANCIAL INSTITUTION | 7-13 |
| 18 USC 1028A | AGGRAVATED IDENTITY THEFT | 14-19 |

The defendant is sentenced as provided in pages 2 through   5   of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s)   UNDERLYING INDICTMENT   is   dismissed on the motion of the United States.

☒ Assessment : $100.00 as to each count ($1,900.00 total)

☒ No fine   ☐ Forfeiture pursuant to order filed   , included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

November 17, 2014
Date of Imposition of Sentence

HON. MICHAEL M. ANELLO
UNITED STATES DISTRICT JUDGE

13CR1390 MMA

| | | |
|---|---|---|
| DEFENDANT: | LLOYD IRVIN TAYLOR (1) | Judgment - Page 2 of 5 |
| CASE NUMBER: | 13CR1390 MMA | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of:
33 MONTHS AS TO COUNTS 1-13,
24 MONTHS AS TO COUNTS 14-19, TO RUN CONCURRENT TO EACH OTHER AND CONSECUTIVE TO COUNTS 1-13 FOR A TOTAL IMPRISONMENT TERM OF 57 MONTHS.

- ☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).
- ☒ The court makes the following recommendations to the Bureau of Prisons:
  COURT RECOMMENDS PLACEMENT AT FCI TERMINAL ISLAND, OR ANOTHER FACILITY ABLE TO PROVIDE APPROPRIATE MEDICAL TREATMENT.

  COURT RECOMMENDS THE MAXIMUM TIME AT THE END OF DEFENDANT'S SENTENCE FOR HOME CONFINEMENT OR RESIDENTIAL REENTRY CENTER PLACEMENT.

- ☐ The defendant is remanded to the custody of the United States Marshal.

- ☐ The defendant shall surrender to the United States Marshal for this district:
  - ☐ at _____ A.M. on _____
  - ☐ as notified by the United States Marshal.

- ☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  - ☐ on or before
  - ☐ as notified by the United States Marshal.
  - ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

| | | |
|---|---|---|
| DEFENDANT: | LLOYD IRVIN TAYLOR (1) | Judgment - Page 3 of 5 |
| CASE NUMBER: | 13CR1390 MMA | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
3 YEARS AS TO COUNTS 1, 2, 3, 5 AND 6
1 YEAR AS TO COUNTS 4, 14-19
5 YEARS AS TO COUNTS 7-13, ALL TO RUN CONCURRENT FOR A TOTAL OF 5 YEARS SUPERVISED RELEASE.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons unless removed from the United States.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (*Check, if applicable.*)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
- ☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC section 3583(a)(7) and 3583(d).
- ☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (*Check if applicable.*)
- ☐ The defendant shall participate in an approved program for domestic violence. (*Check if applicable.*)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| | | |
|---|---|---|
| DEFENDANT: | LLOYD IRVIN TAYLOR (1) | Judgment - Page **4** of **5** |
| CASE NUMBER: | 13CR1390 MMA | |

## SPECIAL CONDITIONS OF SUPERVISION

1. Provide complete disclosure of personal and business financial records to the probation officer as requested.

2. Be prohibited from opening checking or financial accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

3. Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

4. Submit person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

5. Notify the Collections Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, entity, including a trust, partnership or corporation, until fine or restitution is paid in full.

6. Notify the Collections Unit, United States Attorney's Office, before transferring any interest in any property owned directly or indirectly, including any interest held or owned under any other name or entity, including trusts, partnerships, or corporations, until fine or restitution is paid in full.

7. Comply and cooperate with all IRS directives governing the payment of restitution.

8. Only use/ possess/ acquire identification issued lawfully in true name.

//

AO 245B (CASD Rev. 08/13) Judgment in a Criminal Case

| DEFENDANT: | LLOYD IRVIN TAYLOR (1) | Judgment - Page **5** of **5** |
| CASE NUMBER: | 13CR1390 MMA | |

## RESTITUTION

The defendant shall pay restitution in the amount of $2,241,691.08 unto the United States of America.

The total amount of restitution the defendant shall make to the Internal Revenue Service consists of the following:

| Tax Year | Defendant's federal individual income tax liability | Interest under the IRC through 11/17/14 |
|---|---|---|
| 2004 | $207,176 | $122,355 |
| 2005 | $355,880.78 | $174,347 |
| 2006 | $292,623.10 | $110,679 |
| 2007 | $753,446.03 | $208,171 |
| 2008 | $13,883.40 | $2,903 |
| 2010 | $202.77 | $24 |

Payment of restitution shall be forthwith. The defendant shall pay restitution during his supervised release pursuant to the following payment schedule:

Payment in equal monthly installments of $37,361.51 over a period of 5 years ($37,361.51 x 60 months = $2,241,691) to commence 30 days after release from imprisonment to a term of supervision.

The payment schedule does not foreclose any government agency from exercising all legal actions, remedies, and processes available to collect the restitution judgment.

Defendant shall make all restitution payments to:
United States District Court for the Southern District of California
Clerk's Office
Attn: Financial Section

The defendant shall include, with his payment(s) to the District Court, his name and social security number, the District Court's docket number assigned to this case, the tax year(s) or period(s) for which restitution has been ordered, and a request that this information be sent, along with the payment(s), to the appropriate office of the Internal Revenue Service.

The Clerk's Office shall send the defendant's restitution payment(s), along with the information provided by the defendant, to the Internal Revenue Service at the following address:

IRS - RACS
Attn: Mail Stop 6261, Restitution
333 W. Pershing Ave.
Kansas City, MO 64108

13CR1390 MMA