**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>LLOYD IRVIN TAYLOR,<br><br>　　　　　　　　　　　Defendant. | Case No.: 13cr1390-MMA<br><br>**ORDER DENYING DEFENDANT'S MOTION TO TERMINATE COURT COSTS AND RESTITUTION**<br><br>[Doc. No. 151] |

　　　　On June 30, 2014, a jury found Defendant Lloyd Irvin Taylor guilty of three counts of making a false statement on a United States passport application, in violation of Title 18, United States Code, section 1542; one count of engaging in a corrupt endeavor to obstruct and impede the due administration of the Internal Revenue laws, in violation of Title 26, section 7212(a); two counts of tax evasion, in violation of Title 26, section 7201; seven counts of making a false statement to a federally insured financial institution, in violation of Title 18, section 1014; and five counts of aggravated identity theft, in violation of Title 18, section 1028A.  *See* Doc. No. 98.

On November 17, 2014, the Court sentenced Defendant to a 57-month term of imprisonment, five (5) years of supervised release, a $1900.00 special assessment fee,[1] and restitution in the amount of $2,241,691.08, to the victim, the Internal Revenue Service.[2] *See* Doc. No. 113. Defendant appealed, the Ninth Circuit affirmed, and denied Defendant's petition for rehearing and rehearing en banc. Thereafter, Defendant collaterally challenged his judgment of conviction in this Court. *See* Doc. No. 133. The Court denied relief as to all claims. *See* Doc. No. 149.

On May 23, 2017, Defendant was released from the custody of the Bureau of Prisons and began serving his five (5) year term of supervised release.[3] Defendant now moves the Court to "terminate" his "court costs," i.e. the special assessment fee, as well as restitution, based on his indigence. *See* Doc. No. 151. As explained below, the Court lacks the authority to do so.

The Attorney General is responsible for collecting unpaid fines and restitution, including special assessment fees which are collected in the same manner as fines. *See* 18 U.S.C. §§ 3612(c), 3013(b). As such, a court may remit a special assessment only "upon the petition of the Government showing that reasonable efforts to collect a fine or assessment are not likely to be effective." *Id*. § 3573. The current statutory scheme does not permit petitions by the defense, nor does it authorize remittitur by the Court *sua*

---

[1] A "court shall assess on any person convicted of an offense against the United States . . . in the case of a felony the amount of $100 if the defendant is an individual." 18 U.S.C. § 3013(a)(2)(A). This section "requires a federal district court to impose a . . . special assessment for every conviction." *Rutledge v. United States*, 517 U.S. 292, 301 (1996). The obligation to pay the special assessment fee ceases five (5) years after the date of the judgment of conviction. *See* 18 U.S.C. § 3013(c).

[2] Pursuant to the Mandatory Victim Restitution Act ("MVRA"), "[n]otwithstanding any other provision of law, when sentencing a defendant convicted of an offense described in subsection (c), the court shall order . . . that the defendant make restitution to the victim of the offense." 18 U.S.C. § 3663A(a)(1).

[3] Based on his medical issues and failure to secure post-incarceration employment, Defendant was initially placed in a Residential Reentry Center. *See* Doc. No. 146.

*sponte*. *See United States v. Roper*, 462 F.3d 336, 341 (4th Cir. 2006) (holding that district courts may not *sua sponte* remit special assessments).

Likewise, the Court lacks jurisdiction to remit an unpaid amount of previously imposed restitution after judgment has become final. *See United States v. Oak*, 398 F. App'x 274 (9th Cir. 2010) ("[T]he statutory provisions governing restitution do not provide jurisdiction to modify the amount of restitution ordered after a judgment has become final."); *Roper*, 462 F.3d at 340 ("[N]o statutory authority provides district courts the power to remit restitution orders imposed under the [Mandatory Victim Restitution Act]."). A defendant may seek a revised payment schedule, but not a reduced obligation. *See* 18 U.S.C. § 3664(k) ("The court may . . . adjust the payment schedule, or require immediate payment in full, as the interests of justice require."). Here, Defendant does not request a revised payment schedule. Even construing Defendant's submission liberally as impliedly making such a request, the Court lacks sufficient information to make any such revision. Defendant does not indicate the amount he currently pays each month towards the remaining unpaid balances.

Accordingly, the Court **DENIES** Defendant's motion.

**IT IS SO ORDERED**.

DATE: April 17, 2018

HON. MICHAEL M. ANELLO
United States District Judge